UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARRIEM MOHAMMED-EL

    Plaintiff,

    v.

RICHARD LINDNER, et al.,

    Defendants.

_____/

No. C 10-1715 PJH

**ORDER OF DISMISSAL**

    Plaintiff Karriem Mohammed-El filed this action on April 22, 2010, alleging breach of contract, fraud, and possibly other claims against defendants Richard Linder (Chief Financial Officer of defendant AT&T), Randall Stephenson (Chief Executive Officer of AT&T), and AT&T. Also on April 22, 2010, plaintiff filed an application for leave to proceed in forma pauperis ("IFP"). The court has reviewed the complaint, and finds that the action must be dismissed pursuant to 28 U.S.C. § 1915(e).

**DISCUSSION**

A.    Legal Standard

    The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious,

fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.   Analysis

The basis of plaintiff's claims appears to be that AT&T has terminated some service that plaintiff was receiving from AT&T. Plaintiff seeks damages in an amount approaching $25 million. However, the court finds that the complaint must be dismissed because it is incomprehensible.

As an initial matter, plaintiff unaccountably asserts admiralty jurisdiction under the "savings to suitors" clause, pursuant to 28 U.S.C. § 1331(1). The "saving to suitors" clause does not provide an independent source of federal admiralty jurisdiction, but rather, is a statement that state courts may adjudicate maritime causes of action in proceedings where the defendant is a person, not a ship or some other instrument of navigation. See Ghotra v. Bandila Shipping, Inc., 113 F.3d 1050, 1054 (9th Cir. 1997). The "savings to suitors" clause also permits a plaintiff with a maritime claim to bring an action "at law" in the federal district court, provided that the requirements of diversity of citizenship and amount in controversy are met. Id.

However, plaintiff pleads no facts to support an admiralty or maritime claim. The fundamental interest giving rise to admiralty jurisdiction is the protection of maritime commerce. See Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 608 (1991); Ventura

Packers, Inc. v. F/V Jeanine Kathleen, 305 F.3d 913, 917 (9th Cir. 2002).  As noted above, the basis of plaintiffs' claims appears to be some interruption or termination of a service provided by AT&T, and there are no facts alleged that show any connection to an admiralty claim.

Plaintiff refers to himself as "third-party plaintiff," who is "not appearing generally." However, he cannot be a third-party plaintiff, as he is not alleged to be a defendant who has filed a third-party complaint against a third party.  In addition, he asserts that he is "standing in [his] unlimited commercial liability as a Secured Party Creditor" and he "request[s] that the officers of the court do the same."  This appears to be intended as a reference to some status under the Uniform Commercial Code, but the reference is entirely unclear.

Second, the allegations supporting the three causes of action are insufficiently pled. In his breach of contract claim, plaintiff refers to defendant Richard Lindner as "the debtor," and to AT&T as "the co-conspirator."  He claims that he himself "is not the debtor," and that by interrupting his service, "the debtor" and "the co-conspirator" breached "that binding contract."  He alleges further that neither "the debtor" nor "the co-conspirator" has "a written instrument to back its demand instrument; and that "the debtor" has "no antecedent contract obligation that requires me to perform."  He claims that he has "gained a security interest in the instrument against the debtor."

Plaintiff asserts that he, "on a number of occasions," remitted to defendant Richard Lindner an executed "naked acceptance of the submitted 'formatted coupons'" that were "accepted for value" (or "A4V") and "returned for value."  He adds that "[i]t is the retention of the A4V formatted presentment that is the basis for a binding contract," and that "[s]ince there is no pledge to support the instrument, it was issued and transferred for value."

Plaintiffs' allegations of breach of contract are gibberish and do not state a claim.  To state a claim for breach of contract under California law, a plaintiff must allege facts that show the existence of a contract, plaintiff's performance or excuse for non-performance, defendant's breach, and damages to plaintiff.  Troyk v. Farmers Group, Inc., 171 Cal. App.

4th 1305, 1352 (2009). Plaintiff's complaint is devoid of such factual allegations, and the breach of contract claim must therefore be dismissed.

The allegations of fraud in the second and third causes of action are equally deficient. In California, the essential elements of a claim for fraud are a misrepresentation (false representation, concealment, or nondisclosure); knowledge of falsity (or "scienter"); intent to defraud, i.e., to induce reliance; justifiable reliance; and resulting damage. In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008).

In addition, under Federal Rule of Civil Procedure 9, the facts supporting a claim of fraud must be pled with particularity. See Fed. R. Civ. P. 9(b). The party alleging fraud must include an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation and citation omitted).[1]

Here, plaintiff simply alleges in a conclusory fashion that "the debtor" willfully conspired to commit fraud in collusion with "the co-conspirator" and "the racketeer" (defendant Randall Stephenson). He pleads no facts showing the existence of any of the elements of a claim of fraud, and no facts showing the time, place, or specific content of the alleged false representations, or the identities of the parties to the specific misrepresentations. Accordingly, the fraud claims are dismissed for failure to state a claim.

The court notes that in the third cause of action, plaintiff also alleges that "the debtor," the "co-conspirator," and "the racketeer" conspired to commit "dishonor in

---

[1] Moreover, in a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (quotation and citation omitted).

4

commerce," "collusion," "conspiracy," "racketeering," "extortion," "coercion," "abuse of power," "denial of due process," and "theft."  As with the breach of contract and fraud claims, plaintiff pleads no facts to support any of these allegations.  Moreover, in California, conspiracy is not an independent tort – "[a] complaint for civil conspiracy states a cause of action only when it alleges the commission of a civil wrong that causes damage." Okun v. Superior Court, 29 Cal. 3d 442, 454 (1981).

Finally, plaintiff asserts a "counterclaim," which pleads no facts and states no cause of action, and which, in any event, is improperly included as part of the complaint herein.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).  Although amendment is unlikely to correct the deficiencies in the complaint, the court will permit plaintiff one opportunity to amend the complaint to state a valid basis for the court's jurisdiction, and to allege facts to support his causes of action.

Any amended complaint must be filed no later than June 11, 2010, and will be subject to review under § 1915.  If plaintiff does not file an amended complaint by this deadline, the court will dismiss the action.

In the alternative, plaintiff may withdraw the IFP application, pay the filing fee, and serve the defendants with the summons and complaint in accordance with Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED.**

Dated: May 11, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge

5